NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH DOBRENSKI, PETITIONER, v. I. M. KONIGSBERG,
RESPONDENT.

For the petitioner, *Brenner & Kresch.*

For the respondent, *McCarter & English.*

\*    \*    \*    \*    \*    \*    \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on October 19th, 1928. He says that at the time he was employed as a laborer, and while so engaged was carrying a large timber with the help of another man when the timber fell upon the petitioner's foot. He alleges that as a result of the said accident he sustained a permanent injury to the foot which has affected the leg and arm. He further alleges that he is suffering from pains throughout his entire system and finds it difficult to get out of bed and almost impossible to sit down. He further alleges that his nerves are continually on edge and that his entire body keeps shaking nervously, and that he has sustained serious permanent injury.

The respondent denies that there is any permanent injury to the foot of the petitioner or that the petitioner's leg and arm has been affected, or that the petitioner is suffering with pain throughout his system or that his nerves are continually on edge or that his body keeps shaking nervously, and the respondent denies that the petitioner has suffered any serious permanent disability, but the respondent takes all injuries, diseases, and any and all other conditions of the

petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing the settlement not only on petitioner's present condition but on any and all developments in his condition of any nature whatsoever which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to settle the entire matter for fifty per cent. disability of the great toe or fifteen weeks at the rate of $16 a week, and twelve weeks' temporary disability at the rate of $16 a week. Respondent also agrees to pay a counsel fee of $100 awarded to the attorney for the petitioner, and further agrees to pay $45 to the petitioner for his medical expenses of any kind whatsoever.

From the facts stipulated and the report of the physicians the settlement is fair to both parties and is approved by this court upon the distinct understanding of the petitioner and his attorney and the respondent and his attorney that a fundamental element of the settlement is the fact that any future or further disturbance resulting in an increase of disability to the petitioner are taken into consideration and are in a large measure the reason for the respondent's willingness to agree to this settlement.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*